DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **Matrix Financial Services Corporation**, <br><br> Plaintiff, <br><br> v. <br><br> **Ingrid L. Gardine**, a/k/a Ingrid Gardine and **Jinel Watts**, <br><br> Defendants. | No. 1:23-cv-00039 |

# Complaint

## Parties

1. This is an action for foreclosure of lien on real property brought pursuant to V.I. Code Ann. tit. 28, §§ 531-38.

2. Plaintiff **Matrix Financial Services Corporation** ("**Matrix**") is a corporation organized under the laws of the state of Arizona with its principal place of business located at 601 Carlson Pkwy, Ste 1400, Minnetonka, MN  55305 and is a citizen of Arizona for diversity purposes.

3. Defendant **Ingrid L. Gardine, a/k/a Ingrid Gardine** ("**Gardine**") is an individual and, upon information and belief, is a citizen of the U.S. Virgin Islands for diversity purposes.

4. Defendant **Jinel Watts** ("**Watts**") is an individual and, upon information and belief, is a citizen of the U.S. Virgin Islands for diversity purposes.

Complaint
*Matrix Financial Services Corporation v. Ingrid L. Gardine*, et al.
Page 2 of 6

## Jurisdiction and Venue

5. This Court has subject-matter jurisdiction over this matter under 48 U.S.C. § 1612(a) and 28 U.S.C. § 1332 as complete diversity exists between Matrix and the Defendants and the amount in controversy exceeds $75,000 exclusive of costs and fees.

6. This Court has personal jurisdiction over defendants who are domiciled or otherwise subject to service of process within the territorial limits of this Court.

7. Venue in the District of St. Croix is proper under 28 U.S.C. § 1391(b) because the real property that is the subject of this action is located in that district.

## Facts

### The Property

8. At all times relevant to the origination of the mortgage loan that is the subject of this action, Gardine and Watts held title to real property ("**Property**") described as:

> Plot No. 1F "H" of Estate Concordia, West End Quarter, St. Croix, U.S. Virgin Islands, consisting of 0.3442 U.S. acre, more or less, as more fully shown on OLG Drawing No. 2988 dated July 30, 1971

by means of a deed of gift as joint tenants with rights of survivorship dated August 4, 2010, which was recorded in the Office of the Recorder of Deeds ("**Recorder**") for the District of St. Croix on August 24, 2010, at PC 1245, page 237, Doc. No. 2010003316.

### The Note

9. On December 14, 2010, Gardine executed and delivered to Schaffer Mortgage Corporation ("**Schaffer**") a promissory note ("**Note**") promising to pay the principal amount of $100,100.00, together with interest at the annual rate of 4.990%. The Note was subsequently conveyed to Matrix.

Case: 1:23-cv-00039-WAL-EAH    Document #: 1    Filed: 09/19/23    Page 3 of 6

Complaint
*Matrix Financial Services Corporation v. Ingrid L. Gardine*, et al.
Page 3 of 6

10. Pursuant to the terms of the Note, Gardine agreed to make equal consecutive monthly installments of principal and interest in the amount of $536.75 beginning February 1, 2011, until all amounts are fully paid, but no later than January 1, 2041.

11. The Note further provides that any monthly payment that is not received by the end of 15 calendar days after the date that it is due shall be subject to a late fee that is calculated as 5.000% of any overdue payment of principal and interest.

### The Mortgage

12. To secure payment of the Note, Gardine and Watts gave a first priority mortgage ("**Mortgage**") dated December 14, 2010, over the Property to Schaffer and Mortgage Electronic Registration Systems, Inc. ("**MERS**") as nominee for Schaffer and its successors and assigns. The Mortgage was recorded with the Recorder on December 22, 2010, at Book 1257, Page 299, Doc. No. 2010004843.

13. The Mortgage provides that Gardine and Watts shall make all payments as required by the Note when due.

### The Mortgage Assignment

14. On or about January 15, 2015, MERS, for itself and as nominee for Schaffer, assigned its entire interest in the Property to Matrix ("**MERS Assignment**"). The MERS Assignment was recorded with the Recorder on January 27, 2015, at Book 1390, Page 523, Doc. No. 2015000278.

15. All conditions precedent to the maintenance of this action have occurred, been performed, or been excused.

# Causes of Action

## Count One: Foreclosure of Lien upon Real Property
### (v. All Defendants)

16. Matrix realleges all preceding paragraphs and incorporates them by reference.

17. Matrix has actual possession of and ownership rights to the Note and Mortgage, thereby entitling it to maintain this foreclosure action.

18. On or about May 1, 2021, Gardine defaulted under the terms and conditions of the Note, in that monthly installments of principal and interest became due under the Note and remained unpaid.

19. Likewise, Gardine and Watts defaulted under the terms and conditions of the Mortgage, in that monthly installments of principal, interest, and other charges became due under the Note and Mortgage and remained unpaid.

20. Matrix gave notice of default to Gardine by correspondence dated January 18, 2023, advising her that failure to cure the default would result in acceleration of the debt and foreclosure of the mortgage lien.

21. To date, the default has not been cured and Gardine remains in default under the terms of the Note and Mortgage, in that principal, accrued interest, and other amounts due and owing to Matrix under the Note remain unpaid and outstanding.

22. There is currently due and owing to Matrix from Gardine an unpaid principal balance, plus accrued interest, advances, expenses, fees, costs, and late charges.

23. In accordance with the terms of the Note and Mortgage, Matrix has accelerated all unpaid principal and accrued interest currently outstanding under the Note and made them immediately due and payable.

24. Under the terms of the Mortgage, Matrix is entitled to be reimbursed for any insurance premiums, taxes, or other charges that it pays with respect to the Property.

25. Under the terms of the Note and Mortgage, Matrix is entitled to be reimbursed for reasonable attorneys' fees and other expenses that it incurs to enforce payment of the Note or incidental to foreclosure of the Property.

26. Matrix is entitled to foreclosure of its Mortgage upon the Property, foreclosure of all right, title, and interest in the Property held by Gardine and Watts, the sale of the Property to satisfy the Note, and the recovery of any deficiency from Gardine.

## Prayer for Relief

WHEREFORE, Matrix requests the following relief:

1. Judgment declaring that Gardine defaulted under the terms of the Note, thereby entitling Matrix to exercise all remedies provided for in that instrument;

2. Judgment declaring that Gardine and Watts defaulted under the terms of the Mortgage, thereby entitling Matrix to exercise all remedies provided for in that instrument;

3. Judgment that Gardine is indebted to Matrix for unpaid principal due under the Note, plus accrued interest, per diem interest, advances, fees (including attorneys' fees), costs (including legal costs), and late charges;

4. Judgment for all additional interest, costs, expenses, and attorneys' fees that Matrix incurs as the result of the breach of the Note and Mortgage, whether accruing during the pendency of this matter or otherwise;

5. Judgment foreclosing the Mortgage of Matrix;

6. Judgment ordering that the Property be sold and that Matrix be paid from the proceeds of the sale all amounts due on the Note, including but not limited to any sums that Matrix may pay for insurance premiums, taxes, or other charges with respect to the Property either prior to or during the pendency of this action, with interest from the date of payment;

Complaint
*Matrix Financial Services Corporation v. Ingrid L. Gardine*, et al.
Page 6 of 6

7. Judgment declaring that Gardine and Watts and all persons claiming from and under them are barred and forever foreclosed of all right, title lien, claim, and equity of redemption in and to the Property, subject only to the statutory right of redemption except where waived and released;

8. Judgment against Gardine for any deficiency that may remain after the sale of the Property;

9. An order appointing a receiver, if requested by Matrix, to collect and receive the rents and profits of the Property, if any, during the pendency of this action; and

10. Judgment awarding Matrix such other and further relief as is just and equitable.

Dated: September 19, 2023

Respectfully submitted,

/s/ A.J. STONE III, ESQ.
A.J. Stone III, Esq.
V.I. Bar No. 823
BOLTNAGI PC
Merchants Financial Center
4608 Tutu Park Mall, Ste. 202
St. Thomas, VI 00802-1816
(340) 774-2944 Telephone
(340) 776-1639 Facsimile
ajstone@vilaw.com

Attorneys for Plaintiff
Matrix Financial Services Corporation